UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LEO K. and DONNA K., *individually and on behalf of M.L.K.*,

Plaintiffs,

-v.-

ANTHEM BLUE CROSS AND BLUE SHIELD,
CASE NEW HOLLAND INDUSTRIALS, INC.,
and CNH INDUSTRIAL U.S. HEALTH AND
WELFARE BENEFITS PLAN,

Defendants.

24 Civ. 6735 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On December 17, 2024, the parties jointly filed a stipulation and motion seeking to transfer this case to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a), and to extend the time in which Defendants may respond to the Plaintiffs' Complaint (the "Motion"). (Dkt. #11).  For the reasons stated in herein and good cause appearing, the parties' motion is hereby GRANTED.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. §1404(a).  In deciding motions to transfer venue under § 1404(a), courts inquire, first, "whether the action could have been brought in the transferee district and, if yes, whether transfer would be an appropriate exercise of the Court's discretion." *Randle* v. *Alexander,* 960 F. Supp. 2d 457, 485 (S.D.N.Y.

2013).  In examining whether transfer is appropriate, courts balance a number of factors, including: (i) the convenience of the witnesses; (ii) the convenience of the parties; (iii) the location of relevant documents and the relative ease of access to sources of proof; (iv) the locus of operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) the forum's familiarity with the governing law; (viii) the weight accorded the plaintiff's choice of forum; and (ix) trial efficiency and the interests of justice. Of these factors, the convenience of witnesses is traditionally viewed as the most important.  *Id.* 485-86.

Having examined the parties' Motion and assessed the relevant factors, the Court has determined that the requirements for transfer have been met.  To begin, as all parties have consented to the transfer, the Court need not evaluate whether this claim could have been brought in the proposed transferee district.  (*See generally* Motion).  *See also Tlapanco* v. *Elges*, No. 15 Civ. 2852 (AJN), 2017 WL 4329789, at *5 (S.D.N.Y. 2017) ("[W]hen all parties consent to transfer, the requirement that a transferee district be one where an action might have been brought need not be met." (quotation marks omitted)). Moreover, the factors favor transfer of this action because, among other reasons, none of the parties to this case resides in New York.  (Motion ¶ 6). Defendant Case New Holland Industrial Inc., who sponsors the CNH Industrial U.S. Health and Welfare Benefit Plan (the "Plan") at the heart of this action, is headquartered in Racine County, Wisconsin.  (*Id.* ¶ 4).  As such, the relevant

Plan is administered in Wisconsin, and it is expected that Wisconsin will be a more convenient forum for the parties and witnesses.  (*Id.* ¶¶ 4, 7).

Accordingly, it is hereby ORDERED that this case is transferred to the United States District Court for the Eastern District of Wisconsin.  It is further ordered that the deadline for Defendants to respond to the Complaint shall be **January 22, 2025**, and the filing of the response to the Complaint shall be made in the United States District Court, Eastern District of Wisconsin.

The Clerk of Court is directed to terminate the pending motion at docket entry 11.  The Clerk of Court is further directed to transfer this case in its entirety to the United States District Court for the Eastern District of Wisconsin.

SO ORDERED.

Dated:    December 18, 2024
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3